# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Kathleen Ray**, | |
| Plaintiff, | Case No. |
| v. | |
| **THS Group, LLC d/b/a Total Home Protection,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Kathleen Ray** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **THS Groups, LLC d/b/a Total Home Protection** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This court has supplemental jurisdiction over Plaintiff's related state law claims pursuant 28 U.S.C. § 1367.

1

4. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Rowlett, Texas 75088.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 325 Chestnut Street, Suite 800, Philadelphia Pennsylvania 19106.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Defendant provides home warranty plans to consumers.

12. One of Defendant's strategies for selling its home warranties involves the use of an automatic telephone dialing system ("ATDS") to solicit business from consumers via automated text message and telephone calls.

13. Defendant also utilizes pre-recorded messages in its telemarketing to solicit business.

14. Beginning in November of 2019, Defendant placed calls using a pre-recorded message and sent text messages to Plaintiff on her cellular telephone ending in 5037 attempting to sell Plaintiff a home warranty plan.

15. Defendant's text messages and calls were not made for "emergency purposes."

16. Plaintiff never sought information about a home warranty and did not consent to calls or texts from Defendant.

17. Plaintiff's number ending in 5037 has been on the Do Not Call Registry since September of 2016.

18. Despite registration on the Do Not Call Registry Defendant placed calls and/or sent text messages to Plaintiff on dates including, but not limited to: November 18, 2019, November 26, 2019, December 2, 2019, December 3, 2019, December 5, 2019, December 6, 2019, December 9, 2019, December 10, 2019, December 11, 2019, December 12, 2019, December 13, 2019, December 15, 2019, December 16, 2019, December 17, 2019, December 18, 2019, December 19, 2019, December 20, 2019, December 23, 2019, December 24, 2019, December 26, 2019, December 30, 2019, December 31, 2019, January 1, 2020, January 8, 2020, and June 21, 2020.

19. Since Defendant knew its text messages were unwanted Defendant's text messages could have only been made solely for purposes of harassment.

20. Defendant's incessant text messages and calls with pre-recorded messages were bothersome, disruptive and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls and text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except

where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple texts to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's text messages were not made for "emergency purposes."

24. Defendant's texts to Plaintiff's cellular telephone without any prior express consent.

25. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since September 2016.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since September 2016.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless

the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Kathleen Ray,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   d. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

   e. Civil penalty of $5,000 for each violation of §302.302(a) of the Texas Business & Commerce Code;

  f.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Fin. Code § 392.403(b);

  g.  Injunctive relief (as provided under §302.302(d) of the Texas Business & Commerce Code); and

  h.  Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Kathleen Ray,** demands a jury trial in this case.

                Respectfully submitted,

Dated: 10/29/2020         By: *s/ Amy L. Bennecoff Ginsburg*
                 Amy L. Bennecoff Ginsburg, Esq.
                 Kimmel & Silverman, P.C.
                 30 East Butler Pike
                 Ambler, PA 19002
                 Phone: 215-540-8888
                 Facsimile: 877-788-2864
                 Email: aginsburg@creditlaw.com